# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOLLY JAY MITCHELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 3:20-cv-00787-GCS** |
| | ) | |
| | ) | |
| **LT. HUNDLEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## <u>MEMORANDUM & ORDER</u>

**SISON, Magistrate Judge:**

Plaintiff Jolly Jay Mitchell, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Dixon Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was at Lawrence Correctional Center. In his Complaint (Doc. 1), Plaintiff alleges Lt. Hundley used excessive force and sexually assaulted him in violation of the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

On December 12, 2018, Lt. Derek Hundley assaulted Plaintiff by placing his left thumb up Plaintiff's rectum and hitting him in the face three times while Plaintiff was shackled. (Doc. 1, p. 6).

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

**Count 1:**    Eighth Amendment excessive force claim against Lt. Derek Hundley for the assault on December 12, 2018.

**Count 2:**    Eighth Amendment cruel and unusual punishment claim against Lt. Derek Hundley for the sexual assault on December 12, 2018.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, the Court finds that Plaintiff alleges sufficient facts to state a viable excessive force claim. *See DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000), abrogated on other grounds by, *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). He also states a viable cruel and unusual punishment claim for the alleged sexual assault. *See Washington v.*

---

[1]    *See e.g. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Hively,* 695 F.3d 641, 643 (7th Cir. 2012) (citations omitted). *See also Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015)(noting that verbal harassment, coupled with other instances of sexual harassment stated an Eighth Amendment claim); *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000)(stating that "[a] sexual assault on an inmate by a guard . . . is deeply offensive to human dignity").

## PENDING MOTIONS

As to his motion for counsel (Doc. 12), Plaintiff indicates that he does not read or write well and needs help with his Complaint. But he fails to indicate whether he has tried to obtain counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). Accordingly, his request for counsel is **DENIED**. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Plaintiff should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

## DISPOSITION

For the reasons stated above, Counts 1 and 2 shall proceed against Lt. Hundley.

The Clerk of Court shall prepare for Defendant Lt. Derek Hundley: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of

employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not

later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 10, 2020.**

Digitally signed by Judge Sison 2
Date: 2020.12.10 13:51:32 -06'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, so as to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**